**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CLARETTHA YOUGHBOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-207-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Clarettha Youghbor on May 5, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], filed by Plaintiff on October 25, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for benefits or further proceedings. On November 9, 2017, the Commissioner filed a response, and on December 15, 2017, Plaintiff filed a reply.

**I.    Procedural Background**

On November 1, 2013, Plaintiff filed an application for benefits alleging that she became disabled on June 6, 2013. Plaintiff's application was denied initially and upon reconsideration. On October 1, 2015, Administrative Law Judge ("ALJ") Joel G. Fina held a video hearing at which Plaintiff, with an attorney representative, a vocational expert, and a medical expert testified. On December 17, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant met the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since June 6, 2013, the alleged onset date.

3. The claimant had the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the right shoulder, osteoarthritis of the right thumb, and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work, except that the claimant can only lift up to 20 pounds occasionally and 10 pounds frequently, can sit up to six hours of an eight-hour workday, and can stand and/or walk up to six hours of an eight-hour workday. The claimant should not kneel, crawl, or climb ladders, ropes or scaffolds. She can frequently crouch, stoop, balance, and climb ramps or stairs. The claimant is limited to frequent reaching, handling (defined as gross manipulation), and fingering (defined as fine manipulations) with the right upper extremity. She should avoid concentrated exposure to large moving machinery, and all exposure to unprotected heights.

6. The claimant is unable to perform past relevant work.

7. The claimant was 48 years old, defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not she has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 6, 2013, through the date of the decision.

The Appeals Council denied Plaintiff's request for review and denied her request to reopen the decision, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.  Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial

evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review.*" Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.    Analysis**

Plaintiff argues that the ALJ erred in failing to consider certain limitations described by an independent medical examiner, Dr. Donato Borrillo, in assessing Plaintiff's residual functional capacity. The ALJ addressed Dr. Borrillo's opinion by stating that the restrictions he suggested were "not inconsistent" with the ALJ's findings. Plaintiff argues that the ALJ made three errors with regard to Dr. Borrillo's opinion: that he failed to explicitly state the weight given to the opinion, that the opinion was in fact inconsistent with the ALJ's findings, and that the ALJ failed to properly evaluate the opinion as required by the relevant regulations. Plaintiff also argues that the ALJ failed to properly evaluate Plaintiff's own statements about her medical condition. Defendant maintains that the ALJ properly evaluated Dr. Borrillo's opinion and Plaintiff's testimony.

The ALJ must evaluate every opinion he receives from a medical source. 20 C.F.R. § 404.1527(a)(1),(b). In its assessment, the ALJ must explicitly consider all of the factors listed in 20 C.F.R. § 404.1527(c), including whether the medical professional has examined or treated the claimant. *Id.*, § 404.1527(c); *see also Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (remanding where ALJ "said nothing about this required checklist of factors"). In general, he should "explain" the weight given to these opinions "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*, § 404.1527(f)(2). Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618.

5

In this case, the ALJ did not address Dr. Borrillo's opinion except to state that it was "not inconsistent" with the ALJ's findings. The ALJ did not go through the "checklist" required by § 404.1527(c), and in particular, failed to explain why less weight was given to Dr. Borrillo, an examining physician, than to Dr. Jilhewar, who only reviewed the record. *See Larson*, 615 F.3d at 751 (discussing "required checklist of factors"); § 404.1527(c)(1), § 416.927(c)(1) ("we give greater weight to the medical opinion of a source who has examined you"). The ALJ's silence on these issues leaves a claimant or subsequent reviewer unable to "follow the adjudicator's reasoning." § 404.1527(f)(2). The ALJ's failure had particular impact because his characterization of Dr. Borrillo's opinion is incomplete. In fact, Dr. Borrillo's opinion *was* inconsistent with the ALJ's findings. While the ALJ's RFC findings did not indicate any restrictions as to Plaintiff's upper right extremity, Dr. Borrillo opined that Plaintiff's restrictions included "no pushing or pulling and no repetitive motions of the right upper extremity." Each of the three representative occupations that the ALJ identified for Plaintiff could be said to involve pushing, pulling or repetitive arm motions.

Plaintiff also argues that the ALJ erred in assessing Plaintiff's assessment of her own limitations. The ALJ found that Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of her symptoms was "not entirely credible." The ALJ also stated that he did not find her testimony "regarding the severity or frequency of her symptoms to be fully credible or supportive of any greater limitations or restrictions."

The ALJ must evaluate the claimant's own symptoms pursuant to the applicable regulations and SSR 96-7p, 1996 WL 374186.[1] The ALJ must consider not only the objective medical evidence, but also the claimant's self-reported evidence, including daily activities, the effectiveness and any side effects of medication, any other treatment measures the claimant may take, and any functional limitations reported by the claimant. 20 C.F.R. § 404.1529(c)(3). If the functional limitations involve pain that is not supported by the medical record, the ALJ must "investigate all avenues presented that relate to pain, including . . . dosage and effectiveness of any pain medications." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

If the ALJ concludes that the claimant's evidence is not credible, "it is not sufficient . . . to make a single, conclusory statement." SSR 96-7p at *2. "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear . . . the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*.

In this case, the ALJ essentially dismissed Plaintiff's self-reported limitations with a conclusory statement that they were "not entirely credible." Although the ALJ's decision acknowledged some of the limitations to which Plaintiff testified, he did not indicate why they were not "supportive of any greater restrictions or limitations" in the RFC. Plaintiff testified that she relies on her son for household chores and for helping her in and out of the bathtub. The ALJ noted the testimony, but did not explain why that evidence did not support any greater limits or restrictions. *See Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) ("An ALJ cannot disregard a

---

[1] Although SSR 96-7p has been superseded by an updated interpretation, SSR 16-3p, 2017 WL 5180304, the Court applies the former interpretation because the latter was not in effect at the time of the ALJ's decision. SSR 16-3p at *1.

claimant's limitations in performing household activities."). The ALJ appeared to conclude that her testimony regarding limitations on sitting, standing, walking, and the use of her right arm and shoulder were not credible, but failed to explain why. An ALJ must articulate, at least minimally, the reasons for rejecting evidence of disability. *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). The ALJ also appeared to conclude that Plaintiff's claims of pain were not credible, but again did not explain why, and failed to inquire about Plaintiff's pain medication, which could have strengthened her credibility as to her complaints of pain or elicited additional testimony regarding her limitations. *See Zurawski*, 245 F.3d at 887 ("the ALJ must . . . investigate all avenues presented that relate to pain").

Defendant argues that the ALJ justified his conclusion that Plaintiff's testimony was "not credible" when he subsequently summarized Plaintiff's treatment history and the other medical evidence. Although the ALJ highlighted evidence that could be seen as contradicting Plaintiff's testimony, he still needed to articulate why Plaintiff's testimony itself was not credible; the medical record alone is not sufficient to discount a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2),(3) ("[w]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements"; "symptoms sometimes suggest a greater severity than can be shown by objective medical evidence alone"); SSR 96-7p (directing ALJ that decision must include "reasons for the finding on credibility . . . sufficiently specific to make clear . . . the weight the adjudicator gave to the individual's statements and the reasons for that weight"). Moreover, much of the testimony that the ALJ dismissed as not credible was simply

not addressed by the discussion that followed. For example, the ALJ's recitation did not address Plaintiff's assertion that she has to lie down for two-thirds of the day, nor did it fully contradict Plaintiff's testimony of her physical limitations on activities of daily living. *See Clifford*, 227 F.3d at 872 (remanding where ALJ failed to "explain why the objective medical evidence does not support [the claimant's] complaints" given her difficulties with daily activities).

On remand, the ALJ is instructed to draw a logical bridge from the evidence as it actually appears in the record to his conclusions about Plaintiff's RFC, and must thoroughly address the medical evidence in the record, including properly weighing Plaintiff's testimony and the reports of examining physicians in accordance with the regulations. He is also reminded of the need to fully review all of the medical evidence in the record and to obtain additional information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

### V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of August, 2018.

              s/ John E. Martin
              MAGISTRATE JUDGE JOHN E. MARTIN
              UNITED STATES DISTRICT COURT

cc:  All counsel of record